UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARIA SIEWERT and MICHAEL CATARUZOLO, As Co-
Executors of the Estate of THERESA CATARUZOLO,
Deceased, and MARIA SIEWERT and MICHAEL
CATARUZOLO, individually,

CASE NO.: 2:16-CV-6323

**JOINT NOTICE OF
REMOVAL TO FEDERAL
COURT**

                      Plaintiff,

       -against-

ATRIA SENIOR LIVING, INC. and ATRIA BAY SHORE,

                     Defendants.
-------------------------------------------------------------------X

Defendants ATRIA SENIOR LIVING, INC. and ATRIA BAY SHORE hereby remove

to this Court the state action described below.  Removal is warranted under 28 U.S.C. § 1441

because this is an action over which this Court has original jurisdiction under 28 U.S.C. § 1332.

**I.      BACKGROUND**

1.      Plaintiffs, co-executors of the estate of Theresa Cataruzolo, brought this personal

injury and wrongful death action against Defendants on decedent's behalf and individually.

2.      Plaintiffs filed a Summons and Verified Complaint in the Supreme Court of the

State of New York, County of Nassau, on or about September 29, 2016.  *See* Declaration of

Kelly E. Jones in Support of Notice of Removal under 28 U.S.C. § 1441 of Defendants ATRIA

SENIOR LIVING, INC. and ATRIA BAY SHORE (hereinafter "Jones Decl."), **Exhibit A,** ¶ 1.

The case was assigned Index Number 607553/2016.  *See id*. at ¶1.

3.      This case arises out of the care and treatment received by decedent Theresa

Cataruzolo as a resident of ATRIA BAY SHORE, located at 53 Ocean Avenue, Bay Shore,

New York.  Plaintiffs, the co-executors of the estate of Theresa Cataruzolo, allege that

Defendants failed to appropriately protect the resident from the risks of falling, leading to

personal injuries and eventual death.  Please find the Summons and Complaint annexed hereto as **Exhibit B**.  The resident died on December 16, 2014 from respiratory failure at Southside Hospital in Bay Shore, New York.

4.     ATRIA SENIOR LIVING, INC. and ATRIA BAY SHORE were served via the New York Secretary of State through registered agent CT Corp by hand delivery on October 17, 2016. *See*, **Exhibit A** ¶ 7.

5.     As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and because Defendants have satisfied the procedural requirements for removal.

## II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

### A.     DIVERSITY OF CITIZENSHIP

7.     Plaintiffs were, at the time this action was commenced, residents and citizens of Nassau County in the State of New York.  *See* Jones Decl., **Exhibit A**, ¶ 3.

8.      Defendant ATRIA SENIOR LIVING, INC. is and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Louisville, Kentucky.  *Id.* at ¶ 4.  Therefore, ATRIA SENIOR LIVING, INC. is a citizen of Delaware and Kentucky for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

9.     ATRIA BAY SHORE, which is the assumed name of the corporate entity ATR

New York LH, is and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the Commonwealth of Virginia with its principal place of business in Louisville, Kentucky. *Id.* at ¶ 5. For diversity purposes, therefore, ATRIA BAY SHORE is a citizen of Virginia and Kentucky.

**B.     AMOUNT IN CONTROVERSY**

10.     The Complaint is silent as to the amount in controversy. A removing defendant need only show a "reasonable probability" that the claims asserted are in excess of the statutory jurisdictional amount of $75,000. *United Food & Comm'l Workers Union v. Centermark Properties Meriden Square, Inc.,* 30 F.3d 298, 304–05 (2d Cir.1994). For example, in *Gaffney ex rel. Molloy v. Animas Corp.,* the plaintiff sought unspecified damages for, *inter alia,* wrongful death, medical expenses, emotional and physical pain, and economic loss. The Court found that based on the plaintiff's extensive demand, there was a reasonable probability that plaintiff's claim was in excess of $75,000, and the amount-in-controversy requirement was met. *Gaffney ex rel. Molloy v Animas Corp.*, 5:13-CV-1359 LEK/DEP, 2014 WL 2106258, at *1 (NDNY May 20, 2014).

11.     Here, Plaintiffs seek not only compensatory, general, and special damages for wrongful death, negligence, and medical malpractice, but Plaintiffs are also seeking punitive damages against Defendants for willful malfeasance, gross neglect, negligence, and gross abuse. *See* Jones Decl., **Exhibit A** at ¶ 6; *see generally* Summons and Complaint, **Exhibit B**.

12.     It is respectfully submitted that there is a reasonable probability that the amount in controversy herein exceeds $75,000, exclusive of interest and costs.

**III.     PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

13.     Defendants received a copy of Plaintiffs' Summons and Verified Complaint on October 17, 2016. *Id.* at ¶¶ 7, 8.

14.     Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because Defendants have filed this Notice of Removal with this Court within thirty (30) days after becoming aware of Plaintiff's Summons and Verified Complaint.

15.     Defendants demand a jury trial.

16.     A copy of this Notice of Removal is being filed in the Supreme Court of the State of New York, County of Nassau, and delivered to Plaintiffs' counsel of record.  *Id.* at ¶ 8; Notice of Filing of Notice of Removal to State Court, **Exhibit C**.

17.     By removing this action to this Court, Defendants do not waive any defenses, objections, or motions available to it under state or federal laws.  Defendants expressly reserve the right to move for dismissal of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendants ATRIA SENIOR LIVING, INC. and ATRIA BAY SHORE pray that the above-styled action now pending against it in the Supreme Court of the State of New York, County of Nassau, be removed therefrom to this Honorable Court, the United States District Court for the Eastern District of New York.

Dated:   New York, New York
              November 14, 2016

HARRIS BEACH PLLC

/s/ Kelly E. Jones
Kelly E. Jones
*Attorneys for Defendants*
**ATRIA SENIOR LIVING, INC. and
ATRIA BAY SHORE**
100 Wall Street
New York, NY 10005
(212) 687-0100